UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Northeastern Lumber
Manufacturers' Ass.</u>

    v.                                          Civil No. 09-cv-290-LM

<u>Northern States Pallet
Company, Inc. and
James H. Jackson</u>

**O R D E R**

Plaintiff Northeastern Lumber Manufacturers' Association ("NeLMA") has moved for an order holding defendant James H. Jackson ("Jackson")[1] in contempt for repeatedly violating this court's orders to produce requested discovery. <u>See</u> Fed. R. Civ. P. 37(b) (providing sanctions for disobeying a court order). Under Local Rule 7.1(b), Jackson was given 14 days to respond to or otherwise object to NELMA's contempt motion. More than 28 days have passed, and Jackson has not filed any such response or objection with this court. Accordingly, the court "deems waived" any objections Jackson may have to the motion. Local Rule 7.1. In any event, the court has fully considered the uncontroverted evidence and makes the following findings of fact.

---

[1] Default judgment was entered against defendant Northern States Pallet Company, Inc. on April 16, 2010 (document no. 48), so the motion is limited to Jackson.

Findings of Fact

NeLMA accurately chronologizes the deadlines that have passed, and fairly represents how Jackson has proffered no excuses for his failing to comply with NeLMA's discovery requests, let alone provide any legitimate explanation for his inability to adhere to the orders of this court.  This court has been exceedingly patient with Jackson, having first ordered him to produce the financial materials at issue on October 2, 2009, during an evidentiary hearing[2] and issuing a written order that same date granting plaintiff's request for expedited discovery (document no. 25).  The expedited discovery order specified the scope and type of documents to be produced, which included detailed records of all sales of the mismarked pallets.  Eight months later, on June 23, 2010, a further pretrial conference was held, during which the issue of Jackson's failure to produce the requested documents was discussed.

At that hearing, Jackson blamed his former counsel for not

---

[2]The court explained that the "discovery order will require the defendant to preserve all of its documents relating in any way to mismarked pallets. . . the documents that would be involved in the acquisition of mismarked pallets or the affixing of the stamp or the sale of inventory to Gerrity of heat-treated pallets."  Tr. of the October 2, 2009, evidentiary hearing on Pl.'s Mot. for Prelim. Inj. at 42.

turning the documents over to NeLMA and represented that he had provided copies of the material to his counsel several months earlier.  Since NeLMA never received the documents, the court asked Jackson whether he could personally turn over the materials to plaintiff's counsel and whether that could be done within the week.  Jackson asked for more time, which the court indulged.  The court ordered him to produce the discovery on or before July 13, 2010.  That bench order was followed by a written order memorializing the agreed upon schedule (document no. 53).

The July 13, 2010, deadline passed with no explanation from Jackson to either NeLMA's counsel or this court about why he has not produced the documents.  On July 14, 2010, Jackson sent an email to NeLMA's counsel asking for an additional week, to which they agreed on condition that it be the final extension and that the court be notified of it.  Jackson never responded to NeLMA and again ignored the extended deadline.  To date, nothing has been produced.

## Conclusion of Law

Under such circumstances, Jackson's egregious failure to comply with the court's discovery orders over the course of ten months, which included two bench orders issued directly to him and two written orders, justifies the imposition of the sanctions

NeLMA seeks.  See Fed. R. Civ. P. 37(b)(2)(A) (listing several means by which the court may sanction a party for disobeying a discovery order); see also Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010) (citing precedent for dismissing case as sanction for noncompliance with discovery order); Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 79 (1st Cir. 2009) (discussing how weight of sanction must be balanced against misconduct of party).  NeLMA needs the requested documents to assess and prove its damages.  Jackson's protracted response time tarnishes any good faith belief this court might have once had in his efforts to comply and renders his evasiveness highly suspicious.  I find Jackson in contempt of court for his flagrant defiance of this court's discovery orders.  See Fed. R. Civ. P. 37(b)(2)(A)(vii); see also Bourne v. Madison, No. 05-365-JD, 2007 WL 951552, *5 (D.N.H. Mar. 27, 2007).

## Relief

Among the relief sought here by NeLMA is yet another order from this court to Jackson to produce the requested financial documents.  To that end, the court hereby orders Jackson to produce the discovery materials at issue on or before August 31, 2010.  NeLMA shall provide the court with a status report by Friday, September 3, 2010.  Following receipt of that status

report, the matter shall be set for a hearing on the issue of damages.

Finally, NeLMA shall be awarded its attorney's fees and costs associated with enforcing the discovery orders at issue. That award will include the fees and costs incurred in connection with the damages hearing, to be scheduled. Accordingly, NeLMA shall file a motion for payment of its expenses following the hearing. See Fed. R. Civ. P. 37(b)(2)(C).

NeLMA's Motion for Order to Show Cause (document no. 54) is granted as set forth above.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 24, 2010

cc: Dawnangela Minton, Esq.
    George F. Burns, Esq.
    John M. Edwards, Esq.
    Jeffrey L. Snow, Esq.
    James H. Jackson, pro se