UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Northeastern Lumber
Manufacturers' Ass.

    v.                                    Civil No. 09-cv-290-LM

Northern States Pallet
Company, Inc. and
James H. Jackson

**O R D E R**

      The court has been advised that defendant James H. Jackson has filed for relief under the Bankruptcy Code. As a result, pursuant to 11 U.S.C. § 362, the case is automatically stayed as to James Jackson at this time. On request of a party in interest, the bankruptcy court may grant relief from this stay.

      With respect to Northern States Pallet Company, Inc. ("Northern States"), plaintiff filed a Motion for Default Judgment and Damages Hearing on May 11, 2010 (Doc. No. 50). The court denied the motion "without prejudice to the plaintiff's right to renew its request (for both a default judgment and damages hearing) after all of the issues in the case have been resolved." (Doc. No. 52).

      On September 3, 2010, plaintiff filed its Status Report and Request for Further Orders, wherein it (1) provided a status report of the case; (2) renewed its motion for default judgment against Northern States, referring to and incorporating by reference its May 11, 2010 Motion for Default Judgment and Damages Hearing; and (3) moved for an order requiring "Northern

States through its owner and president, James Jackson, in his corporate capacity, to provide the previously sought and ordered documents . . . ." (Doc. No. 57, p. 2).

With respect to plaintiff's renewed motion for entry of default judgment against Northern States, all of the prerequisites to entry of default judgment as provided for in F.R.C.P. 55(b) and Local Rule 55.1 have been met, except for one. Nowhere in plaintiff's renewed motion is there a "statement that a copy of the motion has been mailed to the last known address" of Northern States. Though plaintiff's counsel certifies that it served the present motion "via the ECF system and/or by first class mail, postage prepaid, on the Defendant Northern States Pallet Company, Inc.," (Doc. 57 pg. 5), it is unclear from this certification that Northern States was notified by mail and at its last known address. It is not enough for purposes of Rule 55.1 that plaintiff had previously served a copy of the May 11, 2010, motion on defendant. That motion was denied, and defendant must now have notice of the renewed motion. This is especially important where, as here, the renewed motion is wrapped in a Status Report and the second half of the document's title only references a "Request for Further Orders." In other words, it is not apparent on the face of the docket entry that plaintiff is seeking default judgment.

Accordingly, the court holds in abeyance its ruling on plaintiff's renewed motion for default judgment against Northern

States pending the filing by plaintiff of a statement certifying that it served notice on defendant of the pending motion, as required under Rule 55.1.

With respect to plaintiff's motion regarding production of documents, the court denies the motion.  Plaintiff seeks an order of court requiring James Jackson, in his capacity as "owner and president" of Northern States, to produce certain "previously sought and ordered" financial documents, and to order Northern States to pay NeLMA's fees and costs attendant with enforcing the discovery orders of the Court."  (Doc. No. 57, pp. 2-3).  The problem with plaintiff's request is that it seeks enforcement of previous discovery and contempt orders that all ran against defendant James Jackson in his individual capacity, and did not run against Northern States.  Indeed, Northern States could not have been the subject of those orders or of the discovery requests that preceded them, because, as plaintiff points out in its motion, the "Clerk entered a default as to Northern States on April 16, 2010 because counsel did not enter an appearance on behalf of the corporation . . . ."  (Doc. No. 57, p. 2).

There is no evidence on the face of the record that plaintiff propounded discovery requests on Northern States regarding damages.  If the court is mistaken, plaintiff may seek an order compelling Northern States to respond to the discovery requests.  See, e.g., Henry v. Mosten Export, Ltd., 2008 WL 1944807, **1-2, 3 (E.D. Ark. 2008) (reaffirming grant of

plaintiff's motion to compel discovery from corporate defendant who had failed to appear and defend and against whom default judgment had been entered). In any event, should the court enter default judgment against Northern States upon plaintiff's certification, as provided above, the court will proceed to schedule a damages hearing with proper notice to Northern States. Plaintiff may then file a motion for expedited discovery on damages, if it so wishes. In the end, should Northern States choose not to appear at the damages hearing, plaintiff's proof of damages will constitute uncontroverted evidence.

As a final note, this court holds that that the bankruptcy stay of this suit as it pertains to defendant James Jackson does not prohibit the court's entry of this or any other order with regard to Northern States. Northern States is a New Hampshire corporation, and so is a "legally distinct" entity from James Jackson. In re Two Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation, 994 F.2d 956, 969-70 (1st Cir. 1993) (bankruptcy stay not applicable as against litigation involving affiliated entities of bankrupt).

**SO ORDERED.**

_____
Landya B. McCafferty
U.S. Magistrate Judge

September 14, 2010
cc: Dawnangela A. Minton, Esq.
    George F. Burns, Esq.
    John M. Edwards, Esq.
    Jeffrey L. Snow, Esq.
    James H. Jackson, pro se