```
            UNITED STATES DISTRICT COURT
             DISTRICT OF NEW HAMPSHIRE
```

Northeastern Lumber
Manufacturers Association

    v.                        Civil No. 09-cv-290-LM

James H. Jackson, et al.


**O R D E R**

Before the court is plaintiff's motion to compel discovery (doc. no. 60).  For the reasons that follow, the motion is granted.

In this case, plaintiff Northeastern Lumber Manufacturers Association ("NeLMA") sues Northern States Pallet Company ("Northern States") and James H. Jackson, the president and sole shareholder of Northern States.  After an October 2, 2009, hearing on NeLMA's request for preliminary injunction, the court (Muirhead, MJ.) granted an injunction finding that NeLMA showed a likelihood of success on its central claims against both defendants.  Doc. No. 26.  At the same time it requested a preliminary injunction, NeLMA sought expedited discovery.  In an order dated October 2, 2009, the court granted, in part, NeLMA's request for expedited discovery.  The court ordered defendants to, inter alia, "[p]roduce all documents relating to the sale or

transfer of pallets by defendants" to a company named Gerrity Industries, Inc. ("Gerrity").[1]  See Doc. No. 25.  See also Tr.[2] at p. 42 (court informs parties that its discovery order would require defendants "to preserve all of its documents relating in any way to mismarked pallets").  On October 13, 2009, counsel for NeLMA sought, and counsel for defendants agreed, to provide NeLMA with Northern States' financial statements that show its "gross [and] net profit[s]."  Doc. No. 54-1.

At a pretrial conference on June 23, 2010, the issue of defendants' failure to produce the documents was discussed.  Jackson did not dispute NeLMA's entitlement to any of the financial or other records NeLMA had requested.  This court ordered Jackson to produce the documents on or before July 13, 2010.  Doc. No. 53.  Despite the court's oral and written orders dated October 2, 2009, and more recently on June 23, 2010, as well as the parties' subsequent agreement relating to the discovery of financial records, NeLMA has, to date, received no financial records from Northern States.  In addition, NeLMA has received only a portion of the documents that relate to the transfer of pallets from Northern States to Gerrity.

---

[1] At the October 2 evidentiary hearing, Jackson testified that Northern States was, that very afternoon, selling all of its assets to Gerrity.

[2] "Tr." signifies the transcript of the October 2, 2009, evidentiary hearing (doc. no. 30).

NeLMA's efforts to obtain discovery have been frustrated by the following sequence of events: (a) on March 15, 2010, the court granted Jeffrey Snow's, Esq., motion to withdraw as counsel for both Northern States and Jackson; (2) on April 16, 2010, Northern States was defaulted for failure to obtain counsel to represent it, (c) on the same date, Jackson entered his appearance, pro se; and (d) on September 14, 2010, the case against Jackson was stayed due to bankruptcy.

Despite these events, one thing is clear: Northern States should have provided NeLMA with the financial and other records at issue over one year ago.[3] Pursuant to Fed. R. Civ. P. 37(a), and for the reasons stated in NeLMA's motion to compel, the court orders Northern States to provide to NeLMA, on or before November 29, 2010:

- all documents, financial or otherwise, relating to the sale or transfer of pallets by Northern States to Gerrity (or whatever other company or companies purchased Northern States or its assets);
- all of Northern States's financial statements and accounting records that will reveal its gross and net profits from 2006 to the present date.

---

[3] To the extent the court's order dated September 14, 2010, (doc. no. 58) holds otherwise, the court was in error.

In the event that Northern States fails to comply with this order, sanctions will be issued in accordance with Fed. R. Civ. P. 37(b).

Plaintiff's motion to compel discovery (doc. no. 60) is granted.  A hearing on NeLMA's claims against Northern States for damages is scheduled for December 13, 2010, at 10 a.m.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 9, 2010

cc:  George F. Burns, Esq.
     Dawnangela A. Minton, Esq.
     James H. Jackson, pro se