**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Northeastern Lumber
Manufacturers Association

    v.                                Case No. 09-cv-290-LM

Northern States Pallet Company,
Inc., et al.


**O R D E R**


    The Northeastern Lumber Manufacturers Association ("NeLMA")
has responded to the court's Order of January 31, 2011, doc. no.
68, requesting further information in support of its request for
attorney's fees from Northern States Pallet Company ("Northern
States").  At the outset, the court notes that NeLMA has
submitted no "information documenting the qualifications of the
various attorneys and paralegals whose fees it seeks to
recover."  Order, at 29.  As a result, the expert evidence NeLMA
submitted tends to be somewhat conclusory.

    More importantly, however, NeLMA's response makes several
references to ongoing litigation in the Bankruptcy Court against
James Jackson and, in particular, its attempt to challenge
Jackson's discharge.  NeLMA's response does not, however,
indicate what impact a favorable decision in the Bankruptcy
Court will have on this case.

In May of 2010, Judge Muirhead granted NeLMA summary judgment as to liability on its Consumer Protection Act ("CPA") claim against Jackson.  In June, I granted NeLMA's request for a damages hearing against Northern States based, in part on NeLMA's assertion that such a hearing would likely obviate the need for a trial on the remaining claims.  In September, this case was stayed as to Jackson, due to his suggestion of bankruptcy.  Jackson received a discharge on November 29.  NeLMA now says it is contesting Jackson's discharge.  But, it does not indicate whether it seeks to undo Jackson's discharge so it can litigate damages on its CPA claim, or so it can resume litigating its remaining claims against Jackson.  Either way, NeLMA's litigation in the Bankruptcy Court seems to run counter to its earlier position, i.e., that a damages hearing against NeLMA would obviate the need for any further proceedings against Jackson in this case.

The uncertainty identified above must be resolved before the court can address the question of attorneys' fees, particularly given NeLMA's argument that the court should hold defendants jointly and severally liable for those fees.  Both Northern States and Jackson have been found liable for violating the CPA but, as best the court can tell, Jackson's bankruptcy discharge shields him from paying either damages or attorneys' fees on that claim.  Moreover, only Northern States has been

found liable for violating the Lanham Act, which calls into
serious question the court's ability to find Jackson liable for
attorneys' fees under the Lanham Act, which is a necessary
prerequisite for holding Jackson and Northern States to be
jointly and severally liable.  It would be unfortunate, to say
the very least, for the court to hold Northern States and
Jackson to be jointly and severally liable for attorneys' fees,
only to have NeLMA successfully challenge Jackson's bankruptcy
discharge, and then fail to prevail on its Lanham Act claims
against Jackson.

In light of the foregoing, NeLMA has several options.
First, it could withdraw its request for joint and several
liability for attorneys' fees and suggest a proper
apportionment.  Or, it could move to dismiss its claims against
Jackson with prejudice, and then have the court rule on its
request for attorneys' fees against Northern States alone.
Finally, NeLMA could await the outcome of its proceeding against
Jackson in the Bankruptcy Court.  In the event the discharge
stands, then joint and several liability would seem to be off
the table.  But, if the discharge does not stand, then NeLMA
could resume its litigation against Jackson, in which case, any
award of attorneys' fees under a theory of joint and several
liability would necessarily be put off until the end of the
case.

In any event, the court defers taking any action on NeLMA's request for attorneys' fees until such time as NeLMA tells the court how it wishes to proceed with respect to Jackson.  Once NeLMA does so, and the time comes to award attorneys' fees, the court will issue a further order specifying the information the court will need to make a proper award.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 10, 2011

cc:  George F. Burns, Esq.
     Dawnangela A. Minton, Esq.
     James H. Jackson, pro se