UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


Northeastern Lumber
Manufacturers Association

     v.                                    Civil No. 09-cv-290-LM

Northern States Pallet Company,
Inc; and James H. Jackson


                              **O R D E R**


     James Jackson remains a defendant in this case.  NELMA has various claims against him that have yet to be adjudicated by this court, either substantively or by way of a motion for default.  But, NELMA does hold a judgment against Jackson, on essentially the same claims, from the Bankruptcy Court. Specifically, the Bankruptcy Court ruled:

> Judgment is hereby ordered against DEFENDANT in the amount of $157,122.33, with interest thereon at the rate provided by statute and such attorneys fees as are awarded by the United States District Court in connection with this matter.

Pl.'s Resp., Attach. 1 (doc. no. 71-1).  The Bankruptcy Court made an award of attorneys' fees from Jackson to NELMA.  This court made an award of attorneys' fees from Northern States to NELMA.  This court's award was in connection with the matter before the Bankruptcy Court given that NELMA's claims against

Northern States and Jackson in this case are the same claims that were decided in the adversarial proceeding against Jackson in the Bankruptcy Court.  The amount of this court's award of attorneys' fees against Northern States is the amount of the Bankruptcy Court's award against Jackson.  The Bankruptcy Court did not contemplate that this court would enter an order against Jackson for attorneys' fees.  The Bankruptcy Court contemplated that this court would fix the amount of attorneys' fees to which NELMA is entitled.  It has done so.  And it has determined that liability for attorneys' fees runs jointly and severally.

But, the relief NELMA requests, <u>i.e.</u>, final judgment against Jackson, is not among the available options.  Without a judgment against Jackson on liability, of which there is none in <u>this</u> court, this court cannot order Jackson to pay attorneys' fees.  Nor is the court aware of any authority for the proposition that the Bankruptcy Court can have this court issue an order on damages when it has determined liability.  That, of course, is not what the Bankruptcy Court contemplated in its order.  The Bankruptcy Court contemplated that this court would determine the correct amount of attorneys' fees, which has happened, and that it would adopt that amount as the amount of its own award of attorneys' fees.

Based on the foregoing, NELMA has two options. First, it can pursue default, and default judgment, against Jackson, and then presumably get the final judgment it seeks, holding Jackson jointly and severally liable for the attorneys' fees already assessed against Northern States. Or, it can seek to enforce the award of attorneys' fees it has already received from the Bankruptcy Court, and move to dismiss its claims against Jackson in this court. Those are the only two options. NELMA is directed to select one of them, and act on it, within ten days of the date of this order.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 20, 2011

cc: George F. Burns, Esq.
    Dawnangela A. Minton, Esq.
    James H. Jackson, pro se